UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

PATRICK ALLEN,

                Plaintiff,

-against-

UNITED PARCEL SERVICE, INC.; LOCAL
UNION 804 (JOHN LORIA, AL FALCO, TIM
ALQUIST, TIM SYLVESTER, DAVID FENNEL,
PETER MASTRANDEA, STEVE AUZ),

                Defendants.
----------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ DEC 19 2011 ★
BROOKLYN OFFICE

**MEMORANDUM
DECISION AND ORDER**

11-CV-5856 (BMC)(LB)

**COGAN**, District Judge.

    Plaintiff Patrick Allen, proceeding *pro se*, filed the instant action alleging employment discrimination under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117, by defendant United Parcel Service Incorporated ("UPS"), plaintiff's union, and seven individual defendants. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. The individual defendants are dismissed without prejudice and defendant Local Union 804 shall be dismissed unless plaintiff states a valid claim against this defendant by amending his complaint within twenty-one days. As set forth below, the Court directs plaintiff to show cause by written affirmation, filed within twenty-one days from the date of this Order, why his ADA claim against the remaining defendant, UPS, should not be dismissed.

### BACKROUND

    Plaintiff, employed by UPS as a "Preloader" since 1993, alleges in his complaint that in October 2009 he was "put on notice for a 72 hour disciplinary proceeding" after informing his managers of a work-related injury to his right shoulder and back. He was terminated on March 8, 2010, by defendant Loria and states that the latest date of discrimination was on March 14,

2010. He filed a charge of discrimination on the sole ground of disability discrimination with the New York State Division of Human Rights and the Equal Employment Opportunity Commission ("EEOC") on March 14, 2011.[1]

## DISCUSSION

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an action filed *in forma pauperis* where the court is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court construes plaintiff's *pro se* pleadings liberally, particularly because he alleges civil rights violations. Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

### A. Individual Defendants

The ADA forbids discrimination by an "employer." See 42 U.S.C. §§ 12112(a), 12111(2). But an employer's agents or employees may not be held individually liable under Title VII, See Tomka v. Seiler Corp., 66 F.3d 1295, 1314 (2d Cir. 1995), and courts in this circuit have held that the definition of "employer" in the ADA likewise excludes individual employee liability. See, e.g., Yaba v. Cadwalader, Wickersham & Taft, 931 F. Supp. 271, 274 (S.D.N.Y. 1996) (citing EEOC v. AIC Sec. Investigations, 55 F.3d 1276, 1279-81 (7th Cir. 1995)); Garibaldi v. Anixter, Inc., 407 F. Supp. 2d 449, 451 (W.D.N.Y. 2006). Thus, the individual defendants Loria, Falco, Alquist, Sylvester, Fennell, Matrandea, and Auz are dismissed from this action for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Although plaintiff's instant complaint alleges that he filed his EEOC charge on December 12, 2010, the actual charge attached to the complaint is dated March 14, 2011. Furthermore, the EEOC closed plaintiff's file because the charge was "[u]ntimely filed – [o]ver 300 days."

### B. Defendant Local Union 804

The complaint does not set forth any allegations against Local Union 804 or provide a right to sue letter against this defendant. Thus, the complaint against Local Union 804 is dismissed without prejudice for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). If plaintiff has a claim against Local Union 804, he should amend his complaint to state the claim and a basis for subject matter jurisdiction.

### C. Defendant UPS

Under the ADA, a claimant may bring suit in federal court only if he has filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC") and obtained a right-to-sue letter. See 42 U.S.C. § 12117(a). Plaintiff failed to do so here.

To be timely, a charge must be filed within 180 days or 300 days of the date on which the plaintiff receives notice of [his] termination, depending upon whether the plaintiff has initially instituted proceedings with a State or local agency capable of granting relief. See 42 U.S.C. § 2000e-5(e)(1); McGullam v. Cedar Graphics, Inc., 609 F.3d 70, 75 (2d Cir. 2010). The Second Circuit has held that actions for discriminatory discharge accrue when the employee receives "definite notice of the termination." Miller v. Int'l Tel. & Tel. Corp., 755 F.2d 20, 23 (2d Cir. 1985); accord Smith v. U.P.S. of Am., Inc., 65 F.3d 266, 268 (2d Cir. 1995). In this case, Allen was notified of his discharge in March 2010. He filed a complaint with the EEOC pertaining to his discharge and his disability discrimination claims on March 14, 2011 – more than 300 days after his termination. Accordingly, plaintiff's disability discrimination claim is barred by 42 U.S.C. § 12117(a). Plaintiff has therefore failed to state a claim on which relief may be granted and the complaint should be dismissed without prejudice. See 28 U.S.C. § 1915(e)(2)(B)(ii).

However, "'filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.'" Francis v. New York City, 235 F.3d 763, 767 (2d Cir. 2000) (quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 102 S.Ct. 1127 (1982)). Plaintiff shall therefore be allowed twenty-one days to show cause why this action should not be dismissed as time-barred and to present any defense such as equitable tolling.[2]

## CONCLUSION

Accordingly, the claim against Local Union 804 and the individual defendants, Loria, Falco, Alquist, Sylvester, Fennell, Mastrandea, and Auz, are dismissed for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). No summons shall issue as to these defendants.

If plaintiff has a claim against Local Union 804, he should amend his complaint within twenty-one days. If plaintiff elects to file an amended complaint, it must be titled "Amended Complaint," bear docket number 11-CV-5856 (BMC), and contain a short and plain statement of his claim against Local Union 804 and a basis for subject matter jurisdiction. It should also include the claim in his current complaint against UPS. If plaintiff does not file an Amended Complaint within twenty-one days, his claim against Local Union 804 shall be dismissed without prejudice.

At the same time that he files his amended complaint, plaintiff must also file a separate affidavit explaining why his complaint against UPS should not be dismissed as time-barred. This affidavit should be titled "Response to Order to Show Cause," should bear docket number

---

[2] Under the doctrine of equitable tolling, the statute of limitations does not run during the time that a plaintiff's employer prevented the plaintiff from filing his claim. See Paneccasio v. Unisource Worldwide, Inc., 532 F.3d 101, 112 (2d Cir. 2008). Equitable tolling is available only in "rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights." Zerilli-Edelglass v. N.Y.C. Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003) (internal quotation marks omitted).

11-CV-5856 (BMC), and should contain an explanation of why his EEOC charge was timely or subject to equitable tolling, attaching any documents he may have to support this conclusion.

All further proceedings shall be stayed for twenty-one days or until plaintiff has complied with this Order. If plaintiff fails to respond to this Order within twenty-one days, the complaint shall be dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S.Ct. 917 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
       December 16, 2011