UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

PATRICK ALLEN,

                Plaintiff,

        - against -

UNITED PARCEL SERVICE, INC.; LOCAL
UNION 804 (JOHN LORIA, AL FALCO, TIM
ALQUIST, TIM SYLVESTER, DAVID FENNEL,
PETER MASTRANDEA, STEVE AUZ)
                Defendants.
----------------------------------------------------------------x

**MEMORANDUM**
**DECISION AND ORDER**

11-CV-5856 (BMC)

**COGAN**, District Judge.

      Plaintiff Patrick Allen, proceeding *pro se*, filed the instant action alleging employment discrimination under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117, against defendant United Parcel Service Incorporated ("UPS"), plaintiff's union, and seven individual defendants. By Order dated December 16, 2011, the Court dismissed the claims against all defendants for failure to state a claim except for United Parcel Service, and ordered plaintiff to show cause why the claim against UPS should not be dismissed as untimely. Attorney David Wims then filed an appearance on behalf of plaintiff, and moved for an extension of time to respond to the Order to Show Cause, which the Court granted. Attorney Wims then submitted a response to the Order to Show Cause and the Court entered an Order declining to dismiss the claim against UPS.

      From that point, Attorney Wims took no further action in the case despite court orders that he had to. On January 18, 2012, this Court directed plaintiff to "promptly effect service on defendant" and "file proof of service forthwith." On the same date, the Court also scheduled an Initial Status Conference for March 1, 2012, and directed the parties to comply with certain

requirements for the conference, including the filing of a joint summary letter five days prior to the conference.

Plaintiff failed to file proof of service; failed to attend the Initial Status Conference; and failed to file a joint letter. Plaintiff has not provided any explanation to the Court for his failure to comply with these requirements. On March 1, 2012, the Court directed plaintiff to Show Cause, by March 8, 2012, why an Order should not be entered dismissing this case for failure to comply with Court Orders. Plaintiff has not submitted a response to the Court's Order and the time for doing so has passed.

Federal Rule of Civil Procedure 16(f) provides that a court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii) if a party or its attorney . . . fails to obey a scheduling order or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). The Rule 37 sanctions incorporated into Rule 16 include an order "dismissing the action." Fed. R. Civ. P. 37(b)(2)(A)(v). Dismissal of the action is appropriate here, as plaintiff has taken no action in this case for nearly two months and has flouted three Court Orders. Moreover, plaintiff was expressly warned that failure to comply with the Court's March 1, 2012, Order to Show Cause would result in dismissal of this action.

Although the Court finds that dismissal of this action is warranted for plaintiff's failure to comply with three Court Orders, dismissal with prejudice under Rule 16 is "a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault" on the part of the plaintiff." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994). Furthermore, dismissal with prejudice tends to be inappropriate when a lesser sanction may correct plaintiff's delinquent behavior. See Agiwal v. Mid Island Mortg. Corp., 555 F.3d

298, 302 (2d Cir. 2009). Since the Court has no reason to believe that a lesser sanction would be ineffective here, the instant dismissal shall be without prejudice.

## **CONCLUSION**

This action is dismissed without prejudice.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S.Ct. 917 (1962)

**SO ORDERED.**

**Signed electronically/Brian M. Cogan**

_____
U.S.D.J.

Dated: Brooklyn, New York
        March 11, 2012